**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JAMES V. RAYMOND III,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**COMMISSIONER OF SOCIAL SECURITY,**<br><br>　　　　Defendant. | Civ. No. 2:12-05660 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

　　　　Plaintiff James Raymond III brings this action pursuant to 42 U.S.C. § 405(g), seeking review of a final determination by the Commissioner of Social Security (the "Commissioner") denying in part his application for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") Benefits. For the reasons that follow, the Commissioner's decision is **AFFIRMED**.

**I.　LEGAL STANDARDS**

**　　A. The Five-Step Sequential Analysis**

　　　　Under the authority of the Social Security Act, the Social Security Administration has established a five-step evaluation process for determining whether a claimant is entitled to benefits. 20 C.F.R. §§ 404.1520, 416.920. In the first step, the Commissioner determines whether the claimant has engaged in substantial gainful activity since the onset date of the alleged disability. *Id.* §§ 404.1520(b), 416.920(b). If not, the Commissioner moves to step two to determine if the claimant's alleged impairment, or combination of impairments, is "severe." *Id.* §§ 404.1520(c), 416.920(c). If the claimant has a severe impairment, the Commissioner inquires in step three as to whether the impairment meets or equals the criteria of any impairment found in the Listing of Impairments. 20 C.F.R. Part 404, Subpart P, Appendix 1, Part A. If so, the claimant is automatically eligible to receive benefits (and the analysis ends); if not, the Commissioner moves on to step four. *Id.* §§ 404.1520(d), 416.920(d). In the fourth step, the Commissioner decides whether, despite any severe impairment, the claimant retains the Residual Functional Capacity ("RFC") to perform past relevant work. *Id.* §§ 404.1520(e)-(f), 416.920(e)-(f). The claimant bears the burden of proof at each of these first four steps. At step five, the burden shifts to the Social Security Administration to demonstrate that the claimant is capable of performing other jobs that exist in significant

numbers in the national economy in light of the claimant's age, education, work experience and RFC.  20 C.F.R. §§ 404.1520(g), 416.920(g); *see Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91-92 (3d Cir. 2007) (citations omitted).

### B.  Standard of Review

For the purpose of this appeal, the court conducts a plenary review of the legal issues.  *See Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). The factual findings of the ALJ are reviewed "only to determine whether the administrative record contains substantial evidence supporting the findings." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000).  Substantial evidence is "less than a preponderance of the evidence but more than a mere scintilla." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citation omitted).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*  When substantial evidence exists to support the ALJ's factual findings, this Court must abide by the ALJ's determinations.  *See id.* (citing 42 U.S.C. § 405(g)).

## II.  BACKGROUND

On May 5, 2009, Plaintiff filed an application for disability, DIB, and SSI. Plaintiff alleged disability with an onset date of December 31, 2000, due to impairments involving multi-level disc disease, osteoarthritis of multiple joints, and the residual effects of multiple fractures and orthopedic injuries resulting from a construction accident.  The SSI claim was granted on December 9, 2009, with disability established as of December 1, 2008.  On November 25, 2009, the disability and DIB claim under Title II was initially denied, because disability could not be established on or prior to December 31, 2005, Plaintiffs' last date insured.  Plaintiff's claim for disability and DIB was denied on reconsideration on September 3, 2010.  On September 8, 2011, Plaintiff testified at a hearing before Administrative Law Judge Richard L. De Steno (the "ALJ"). On September 20, 2011, the ALJ issued a partially favorable decision finding Plaintiff disabled starting on February 21, 2006.  Accordingly, the ALJ awarded SSI from that date.  However, because Plaintiff's insured status expired on December 31, 2005, the ALJ denied Title II benefits.  The ALJ recognized that Plaintiff had several severe impairments, but found that those impairments did not meet or equal the impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1, Part A.  The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work. Finally, the ALJ determined that, prior to February 21, 2006, there were jobs in significant numbers in the national economy that Plaintiff could have performed.

On July 5, 2012, the Appeals Counsel denied Plaintiff's request for review. Plaintiff now brings the instant appeal, challenging the ALJ's determination that he was not disabled prior to February 21, 2006.

## III.  DISCUSSION

Plaintiff argues that the ALJ: (1) failed to properly assess Plaintiff's credibility; (2) incorrectly found that Plaintiff retained the RFC for sedentary work; and (3) incorrectly

relied on the Medical-Vocational Guidelines ("Grids") at step five. Each of these issues will be addressed in turn.

### A. The ALJ correctly assessed Plaintiff's credibility.

The ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms are not credible to the extent that they are inconsistent with an RFC for sedentary work. R. 26. Plaintiff argues that this credibility finding is not based upon substantial evidence. Pl.'s Br. 14. The Court disagrees. When assessing a plaintiff's credibility, the ALJ should consider the objective medical evidence, as well as seven additional factors. Social Security Ruling ("SSR") 96-7p, 1996 WL 374186, at *3. Those factors are (i) the extent of daily activities, (ii) the location, duration, frequency, and intensity of pain or other symptoms, (iii) precipitating and aggravating factors, (iv) the type, dosage, effectiveness, and side effects of any medication, (v) treatment other than medication for the symptoms, (vi) measures used to relieve pain or other symptoms, and (vii) other factors concerning functional limitations and restrictions due to pain or other symptoms. *See id.*; 20 C.F.R. §§ 404.1529, 416.929. SSR 96-7P does not mandate an exhaustive recitation of each of the seven pain factors, but rather requires that the ALJ "consider" all of these factors in making his determination. *See Canales v. Barnhart*, 308 F. Supp. 2d 523, 527 (2004).

In assessing Plaintiff's credibility, the ALJ first noted that although Plaintiff alleges his disability existed since December 2000, the record contains no medical evidence prior to January 2003. R. 26. Because the Plaintiff's subjective testimony cannot be the sole basis for a finding of disability, but rather must be reasonably supported by objective medical evidence, the ALJ was correct to consider the absence of medical evidence in the record in making his determination. *See* 20 C.F.R. § 404.1529; *Lane v. Comm'r of Soc. Sec.*, 100 F. App'x 90, 95 (3d Cir. 2004) (citing *Dumas v. Schweiker*, 712 F.2d 1545, 1553 (3d Cir. 1983)) (holding that it is appropriate to consider what is absent from the record in addition to what is present). Furthermore, the objective medical evidence that was available subsequent to January 2003 did not support the Plaintiff's subjective testimony regarding his complaints of disabling back, neck, and bilateral lower extremity pain. *See* R. 26-27.

Plaintiff contends that the ALJ failed to adequately assess the reports of Dr. Hessein, which contain indications that conservative treatment was proving ineffective. Pl.'s Br. 22. However, the ALJ specifically considered this evidence, noting that "the claimant's pain medications were reportedly ineffective" but that "the claimant reported moderate pain relief after undergoing lumbar epidural injections." R. 25. And the evidence supports the ALJ's finding that conservative measures were providing relief. R. 292, 305, 312, 335, 310, 320, 345, 347, 348, 350, 381. Furthermore, the ALJ correctly noted that there was no

evidence that Plaintiff required hospital visits or surgical intervention due to his symptoms.[1]  R. 27.

Additionally, the ALJ considered Plaintiff's testimony that he was able to "live alone and perform some cooking, cleaning as well as laundry from 2004-2008." R. 26-27. This testimony was corroborated by numerous physician reports stating that Plaintiff's home duties and self-care activities were "full."  R. 26-27, 293-330.  Plaintiff disputes the ALJ's assessment of Plaintiff's daily-living activities, arguing that they are generally not considered by the court to be "substantial gainful activity." Pl.'s Br. 16.  However, Plaintiff incorrectly references "substantial gainful activity," which is not an applicable consideration of this particular segment of our analysis regarding Plaintiff's subjective complaints of pain. *Compare* 20 C.F.R. § 404.1572 (defining "substantial gainful activity" as "*work activity* that is both substantial and gainful (emphasis added), *with* 20 C.F.R. § 404.1529(c)(3)(1) (specifically stating "daily activities" may be considered).

Contrary to the Plaintiff's assertions, the ALJ correctly evaluated Plaintiff's subjective complaints of pain and functional limitations in light of the record evidence and the applicable SSRs and regulations.  Furthermore, the substantial evidence supports the ALJ's credibility findings.  Thus, the Court will affirm.

### B. The ALJ correctly determined that Plaintiff retained the RFC for sedentary work.

At step four, the ALJ found that Plaintiff did not have any significant non-exertional limitations and retained the RFC for sedentary work.  Plaintiff argues that the ALJ failed to adequately consider the effect of Plaintiff's "severe back pain, right foot, right knee, and right lower extremity pain" in making this determination.  Pl.'s Br. 25. Specifically, Plaintiff argues that the ALJ failed to consider the impact of Plaintiff's pain on his ability to balance, stoop, kneel, reach, crouch, and crawl. *Id.*  The Court disagrees.

The ALJ thoroughly considered Plaintiff's subjective pain complaints and the relevant record evidence, and found that, prior to February 21, 2006, Plaintiff "could perform the full range of sedentary work."  R. 24-28.  The ALJ also explicitly stated that Plaintiff had no "significant non-exertional limitations."  The substantial evidence, including the opinions of the State Agency examining physician Dr. Robert Walsh, supports these findings.  R. 292-368, 581-588, 589, 596, 603-610, 616-660, 666-687, 688-763.  Furthermore, the applicable SSRs, which the ALJ cited in his decision, provide that sedentary jobs do not require . . . stooping more than occasionally, climbing, balancing, kneeling, crouching, crawling, or exposure to hazards such as machinery or heights. SSR 96-9p, 1996 WL 374185 (1996); SSR 83-14, 1983 WL 31254 (1983); *see also Breslin v. Comm'r of Soc. Sec.*, 509 F. App'x 149, 154 (3d Cir. 2013).  The Court will therefore affirm the ALJ's RFC assessment.

---

[1] The only hospital referral in the record was for substance abuse, not Plaintiff's orthopedic complaints.  R. 691.

### C. The ALJ was not required to obtain vocational expert testimony.

Because the ALJ found that Plaintiff did not retain the RFC to perform his past relevant work, the ALJ proceeded to step five.  The ALJ then utilized the Grids to find that, prior to Plaintiff's 50th birthday on February 21, 2006, there were jobs in the national economy that Plaintiff could have performed.  Plaintiff argues that because he had non-exertional impairments, the ALJ erred in relying on the Grids and should have sought testimony from a vocational expert. Pl.'s Br. 26.  The Court disagrees.  The ALJ correctly held that Plaintiff retained the RFC for the full range of sedentary work, and therefore appropriately relied on the Grids at step five.  Testimony from a vocational expert was not necessary. *Compare Breslin*, 509 F. App'x at 154-55 (holding that where the ALJ's decision explicitly states that an occupational base was not significantly eroded by non-exertional limitations, vocational expert testimony was not required), *with Sykes*, 228 F.3d at 273 (requiring the use of a vocational expert where a claimant's non-exertional limitations eroded the occupational base).  The Court will affirm.

### IV. CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED**.  An appropriate order follows.

          /s/ William J. Martini  
         **WILLIAM J. MARTINI, U.S.D.J.**

**Date: May 5, 2014**